UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MAURICE BURGESS,

                                 Plaintiff,

      v.

SCOTT BANASZAK, et al.,

                                 Defendants.
_____

REPORT & RECOMMENDATION

19-CV-6617EAW

Pending before this Court for report and recommendation is a motion by defendants seeking dismissal of plaintiff's complaint pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure as a result of his alleged refusal to appear for his scheduled deposition. (Docket # 54). Defendants filed the pending motion on December 11, 2013, and the district court referred the motion to this Court the following day. (Docket ## 54, 55). The Court issued a motion scheduling order setting a deadline of January 12, 2024, for plaintiff Maurice Burgess ("Burgess" or "plaintiff") to respond. (Docket # 56). No response was filed.

Defendants maintain that they mailed a notice of deposition to plaintiff on October 27, 2023, scheduling a deposition to occur on December 7, 2023. (Docket ## 53; 54-1 at ¶ 3). According to Assistant Attorney General Muditha Halliyadde, counsel for defendants, Burgess did not contact her in response to the notice, nor otherwise indicate that he was unable to appear. (Docket # 54-1 at ¶ 4). Halliyadde represents that she and a stenographer were present for the deposition as scheduled, but plaintiff did not appear. (*Id.*). Burgess has not contacted or attempted to communicate with Halliyadde or this Court since he failed to appear for the deposition. (*Id.* at ¶ 5).

This is not the first time that plaintiff has failed to appear as scheduled without explanation. Indeed, Burgess failed to attend two conferences scheduled by this Court shortly after the matter was referred, prompting the Court to issue an Order to Show Cause. (Docket ## 40, 42, 43). In addition, according to Halliyadde, Burgess has failed to respond to outstanding discovery requests. (Docket ## 50; 51; 52; 54-1 at ¶ 7).

Defendants now request that Burgess's complaint be dismissed in its entirety pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure based upon Burgess's failure to attend the scheduled deposition. (Docket # 54). Defendants also seek monetary sanctions to compensate them for their attorney's fees and the costs of the canceled deposition. (Docket # 54-2). Alternatively, defendants request that the Court stay this matter until Burgess's deposition is completed. (*Id.*).

Rule 37(b) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court . . . may issue further just orders[,] . . . [including orders] . . . dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Similarly, Rule 37(d) provides that a court may dismiss an action if a party fails to attend a deposition of that party. *See* Fed. R. Civ. P. 37(d). Also relevant to this motion, Rule 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962).

"All litigants, including *pro ses*, have an obligation to comply with court orders," and, although *pro se* litigants are generally entitled to "special solicitude," they "are not immune to dismissal as a sanction for noncompliance with discovery orders." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (internal quotations and brackets omitted).

Rather, "[t]he severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Mod. Art*, 29 F.3d 47, 50 (2d Cir. 1994). Nevertheless, "dismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds 'willfulness, bad faith, or any fault' by the non-compliant litigant." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d at 302 (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990), *cert. denied*, 499 U.S. 943 (1991)).

In evaluating the propriety of sanctions, including dismissal, a court should consider several factors including:

1. the willfulness of the non-compliant party or the reasons for noncompliance;
2. the efficacy of lesser sanctions;
3. the duration of the period of noncompliance[;] and
4. whether the non-compliant party had been warned of the consequences of … noncompliance.

*See Agiwal*, 555 F.3d at 302-303 (quoting *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)). Generally, "[a] persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith, or fault by the noncompliant party." *Peña v. Chocolate*, 2012 WL 3957474, *3 (S.D.N.Y. 2012) (internal quotations omitted). Indeed, "dismissal pursuant to Rule 37 is appropriate 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a sanction.'" *Agiwal*, 555 F.3d at 303 (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

The record demonstrates that Burgess has not diligently prosecuted his claims. He has failed to attend court-scheduled conferences and, without explanation, failed to attend his noticed deposition. Moreover, defendants maintain that Burgess has not complied with his discovery obligations. Finally, Burgess did not oppose the pending motion seeking dismissal of his claims.

The Second Circuit nonetheless has cautioned that dismissal should not be ordered where the litigant has not been warned that his conduct could result in the termination of his claims or defenses. *See*, *e.g.*, *Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014) ("[w]hile a court is ordinarily obligated to afford a special solicitude to *pro se* litigants, dismissal of a *pro se* litigant's action as a sanction may nonetheless be appropriate so long as a warning has been given that noncompliance can result in dismissal") (internal quotations and citations omitted); *Valentine v. Museum of Mod. Art*, 29 F.3d at 50 ("[t]he severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal"). Consistent with this settled authority, motions seeking a sanctions order of dismissal on the grounds that the *pro se* litigant did not appear for a noticed deposition are routinely denied where the litigant had not been warned in advance that non-appearance could result in dismissal. *See*, *e.g.*, *United States v. $7,877.61 United States Currency*, 2015 WL 1280603, *3 (W.D.N.Y. 2015) ("the [c]ourt is constrained by controlling authority to deny plaintiff's request at this time for an order striking claimant's answer" as a sanction for the claimant's failure to appear for deposition); *Velazquez v. Vermont Dep't of Corr.*, 2009 WL 819445, *2 (D. Vt. 2009) (declining to order dismissal where *pro se* plaintiff failed to appear for deposition or respond to written discovery requests but "ha[d] not yet been warned that his failure to participate in discovery might result in the dismissal of his

case"); *Burke v. Miron*, 2009 WL 952097, *1 (D. Conn. 2009) ("defendants note, correctly, that [*pro se*] plaintiff is a prolific and experienced litigator in this district[;] [n]onetheless, in light of the Second Circuit precedent requiring a clear warning to *pro se* litigants in such circumstances, the court recommends that the defendants' motion to dismiss be denied").  Although this Court's previous Order to Show Cause warned Burgess that his failure to respond could result in dismissal of his claims, it did not explicitly warn him of the consequences of failing to attend his deposition.  Under these circumstances, this Court recommends denial of defendants' motion without prejudice to renewal; it will, however, issue an Order to Show Cause requiring Burgess to respond and explain why, despite the various delinquencies outlined above, he should be permitted to continue pursuing his claims.  Such course is appropriate in view of Burgess's repeated failures to attend to his litigation obligations and will avoid imposing additional costs on defendants to reschedule and prepare for a deposition plaintiff appears unlikely to attend.

Accordingly, I recommend that the district court deny defendants' motion for dismissal **(Docket # 54)**.  The Court declines to impose monetary sanctions at this time and, by separate order, issues an Order to Show Cause why the case should not be dismissed by failure to prosecute.  In addition, the Court grants defendants' alternative request to stay the scheduling deadlines pending determination of the Order to Show Cause.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated:  Rochester, New York
        April 29, 2024

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(d) and Local Rule 72(b).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                                            *s/Marian W. Payson*
                                            MARIAN W. PAYSON
                                            United States Magistrate Judge

Dated: Rochester, New York
         April 29, 2024