UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MAURICE BURGESS,

                                               Plaintiff,

        v.

SCOTT BANASZAK, et al.,

                                               Defendants.
_____

REPORT & RECOMMENDATION

19-CV-6617EAW

## PRELIMINARY STATEMENT

Plaintiff Maurice Burgess initiated this action *pro se* on August 21, 2019, asserting claims under 42 U.S.C. § 1983. (Docket # 1). By Order of Hon. Elizabeth A. Wolford, Chief United States District Judge, dated October 31, 2022, all pretrial matters in the above-captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket # 36). On April 29, 2024, this Court issued the pending Order to Show Cause why this case should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York. (Docket # 58). Burgess did not respond to the Order to Show Cause.

As recounted in the Order to Show Cause, this Court previously issued an Order to Show Cause in this case after plaintiff failed to attend the first two telephone scheduling conferences noticed by this Court to occur in February and March 2023. (Docket ## 43, 58). Burgess responded to that Order to Show Cause on March 20, 2023, explaining that he missed one of the conferences because he had been evicted from his residence and thus did not receive the notice. (Docket # 45). According to Burgess, he missed the other conference because he was

unable to miss work. (*Id.*). That same day Burgess sent the Court a letter updating his address of record. (Docket # 44). The Court provided Burgess one additional opportunity to attend and rescheduled the conference for May 30, 2023. (Docket # 46). Burgess and Assistant Attorney General Muditha Halliyadde attended the conference as scheduled, and the Court issued a scheduling order. (Docket ## 47, 48).

Review of the docket suggests that Burgess has not communicated with either Halliyadde or the Court since the scheduling conference on May 30, 2023. Defendants served Burgess with interrogatories on August 1, 2023, and Halliyadde advises that, despite her repeated attempts to obtain responses from Burgess, he has never responded. (Docket ## 50; 51; 52; 54-1 at ¶ 7). Moreover, defendants served Burgess with a deposition notice on October 27, 2023, scheduling his deposition for December 7, 2023. (Docket # 53). According to Halliyadde, Burgess failed to appear for his deposition. (Docket # 54). Finally, on December 11, 2023, defendants filed a motion to dismiss based upon Burgess's failure to attend the noticed deposition. (*Id.*). Burgess failed to oppose that motion.

By Report and Recommendation dated April 29, 2024, this Court recommended denial of defendants' motion to dismiss but indicated that it would issue an Order to Show Cause. (Docket # 57). This Court issued the pending Order to Show Cause the same day. (Docket # 58). The Order to Show Cause directed Burgess to respond by May 23, 2024. (*Id.*). It warned Burgess, "Failure to comply with this order will result in the recommendation of the dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b)." (*Id.*). The Order to Show Cause was mailed to plaintiff at his address of record and has not been returned as undeliverable. Burgess has not responded to the Order to Show Cause.

On this record, the Court recommends that this action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

## **DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the dismissal of an action for failure to prosecute, providing in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Although the rule refers to dismissal upon motion of a defendant, the Supreme Court has made clear that a court has the inherent authority to dismiss an action *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *see also Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993); *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir.), *cert. denied*, 384 U.S. 1007 (1966). In addition, the Local Rules of Civil Procedure for the United States District Court for the Western District of New York provide that "[i]f a civil case has been pending for more than six (6) months and is not in compliance with the directions of the . . . Magistrate Judge, or if no action has been taken by the parties in six (6) months, the Court may issue a written order to the parties to show cause within thirty (30) days why the case should not be dismissed for failure to comply with the Court's directives or to prosecute." W.D.N.Y. Local Rule 41(b).

Dismissal is warranted under Rule 41(b) where the record demonstrates a lack of due diligence by a plaintiff in the prosecution of his lawsuit. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Moreover, "prejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir. 1993); *Charles Labs, Inc. v. Banner*, 79 F.R.D. 55, 57 (S.D.N.Y. 1978) ("[t]he operative condition on a Rule 41(b) motion is lack of due diligence on the part of the plaintiff, 'not a showing by defendant that it would be prejudiced'") (quoting *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir. 1956)). Dismissal is considered "a harsh remedy to be utilized only in extreme situations." *See Minnette v. Time Warner*, 997 F.2d at 1027 (internal quotations omitted). Nevertheless, applying these standards, courts frequently have found dismissal of a complaint justified when the plaintiff fails to take any specific or concrete actions over a substantial length of time. *See*, *e.g.*, *Fischer v. Dover Steamship Co.*, 218 F.2d 682, 683 (2d Cir. 1955) (plaintiff's failure to appear for deposition noticed seven months earlier, despite court order requiring his appearance, justified dismissal for failure to prosecute); *Myvett v. Rosato*, 2004 WL 1354254, *2 (S.D.N.Y. 2004) ("[t]hat nearly a year has elapsed since [*pro se* plaintiff] took any steps to prosecute this case, such as responding to outstanding discovery requests, strongly counsels in favor of dismissal"); *West v. City of N.Y.*, 130 F.R.D. 522, 525-26 (S.D.N.Y. 1990) (*pro se* plaintiff's inactivity for nineteen months warranted dismissal for failure to prosecute) (citing *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980) and other cases).

In the case at bar, Burgess has not communicated with the Court since he attended the scheduling conference approximately one year ago. (Docket # 48). He has failed to appear for a properly noticed deposition, fulfill his discovery obligations, oppose defendants' motion to dismiss, or respond to the pending Order to Show Cause. The Order to Show Cause warned

4

Burgess that his failure to respond would result in a recommendation by this Court to dismiss the action. (Docket # 58). Because Burgess has not complied with his discovery obligations, has not responded to defendants' motion to dismiss or the pending Order to Show Cause, and has not communicated with the Court in any way in approximately one year, his case should be dismissed.

## CONCLUSION

For the foregoing reasons, I recommend that the district court dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       May 29, 2024

5

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(d) and Local Rule 72(b).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

*s/Marian W. Payson*  
MARIAN W. PAYSON  
United States Magistrate Judge

Dated: Rochester, New York  
   May 29, 2024