UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MAURICE BURGESS,

          Plaintiff,

    v.

SCOTT BANASZAK, OFFICER T. KIBLER, OFFICER McJURY, OFFICER HAYS, STEVEN HAYES, JOHN DOE 4, OFFICER FOSTER, SERGEANT SORRELL, DSS D. CLARY, OFFICER ROBERTS, OFFICER REDDIEN, SEARGENT RAPINI, OFFICER NORTON, ADS C. LICATA, OFFICER S., SGT. HARTMAN,

          Defendants.
_____

**DECISION AND ORDER**

6:19-CV-06617 EAW

## INTRODUCTION

*Pro se* plaintiff Maurice Burgess ("Plaintiff") initiated this action pursuant to 42 U.S.C. § 1983 on August 21, 2019. (Dkt. 1). Currently pending before the Court is a Report and Recommendation (the "R&R") issued by United States Magistrate Judge Marian W. Payson recommending the dismissal of Plaintiff's claims with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Dkt. 59). For the reasons set forth below, the Court adopts the R&R and dismisses Plaintiff's claims with prejudice.

## BACKGROUND

As set forth in more detail in the R&R, Judge Payson previously issued an Order to Show Cause why this case should not be dismissed for failure to prosecute on March 10, 2023, after Plaintiff failed to attend two telephone scheduling conferences, in February and March 2023. (Dkt. 59 at 1; *see also* Dkt. 43). Plaintiff responded to that Order, and Judge Payson provided him with one additional opportunity by rescheduling the telephone conference for May 30, 2023. (Dkt. 59 at 1-2; *see also* Dkt. 46). Plaintiff and counsel for Defendants who have appeared in this action appeared at the conference, and Judge Payson issued a Scheduling Order. (Dkt. 59 at 2; *see also* Dkt. 47; Dkt. 48).

As discussed in the R&R, Plaintiff did not respond to Defendants' repeated requests for responses to the interrogatories that they had served on August 1, 2023. (Dkt. 59 at 2). Plaintiff was served a deposition notice on October 27, 2023, and he failed to appear for his deposition scheduled for December 7, 2023. (*Id.*; Dkt. 53; Dkt. 54-1 at ¶ 4). On December 11, 2023, Defendants filed a motion to dismiss based upon Plaintiff's failure to attend his deposition, and Plaintiff did not respond in opposition. (Dkt. 59 at 2; *see also* Dkt. 54). Judge Payson issued an R&R on April 29, 2024, recommending that the motion to dismiss be denied (Dkt. 57), and the same day, issued an Order to Show Cause why the case should not be dismissed for failure to prosecute (Dkt. 58). Plaintiff did not respond to the Order to Show Cause.

On May 29, 2024, Judge Payson issued the instant R&R, recommending the dismissal of Plaintiff's claims. (Dkt. 59). No party filed objections to the R&R.

**DISCUSSION**

Pursuant to 28 U.S.C. § 636(b)(1), the parties had 14 days to file objections to the R&R.  No objections were filed.  The Court is not required to review *de novo* those portions of a report and recommendation to which objections were not filed.  *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure [to timely] object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). Notwithstanding the lack of objections, the Court has conducted a careful review of the R&R, as well as the prior proceedings in the case, and finds no reason to reject or modify the R&R.  Accordingly, Plaintiff's claims will be dismissed with prejudice for failure to prosecute.[1]

**CONCLUSION**

For the foregoing reasons, the Court adopts the R&R (Dkt. 59) and dismisses Plaintiff's claims with prejudice.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      June 28, 2024
            Rochester, New York

---

[1]  Because the Court dismisses Plaintiff's claims for failure to prosecute, Defendants' motion to dismiss (Dkt. 54) and the R&R recommending denial of the motion to dismiss (Dkt. 57) are moot.